DERN et al., STATE BOARD OF LOAN COMMISSIONERS, v. HOLDEN, STATE AUDITOR.

No. 4669.   Decided January 17, 1928.   (263 P. 84.)

CHERRY, J.

This case was submitted with the preceding case of *Dern* v. *Walker* (Utah) 263 P. 83, just decided. It involves a similar transaction by the state board of loan commissioners, but presents a different question of law. This action is against the state auditor, and its purpose is to require the issuance by him of a warrant upon the University bond redemption fund in compliance with a requisition made therefor by the state board of loan commissioners.

On December 5, 1927, the state board of loan commissioners, as an investment of a portion of the University bond redemption fund, ordered the purchase of a $1,000 4½ per cent state road bond at the price of $1,065.38, and made

its requisition upon the state auditor for a warrant upon the University bond redemption fund in payment thereof. The excess of the par value of the bond ordered to be paid represented the premium agreed to and accrued interest on the bond.

The requisition was for a warrant drawn on the University bond redemption fund for the full amount of the purchase, with the option to the auditor to draw two warrants— one upon the redemption fund for $1,000, and another upon the general fund for $65.38.

The state auditor refused to honor the requisition and issue the warrant upon the grounds that money out of the general funds of the state may not be used for the payment of premiums on such investments.

The state board of loan commissioners are authorized and directed by express provisions of law to invest the redemption funds for the redemption of bonds issued ■ by the state in certain specified securities (Comp. Laws Utah 1917, X 3809), and so far as the University bond redemption fund is concerned, the only limitation is that the investments be made in certain securities. *Dern* v. *Walker* (Utah) 263 P. 83.

Conceding, for the purpose of this decision, that general funds of the state may not be used for the payment of premiums and accrued interest on investments of redemption funds, the refusal of the auditor to draw the ■ warrant upon the University redemption fund for the full amount of the requisition remains to be justified. Why not draw upon the redemption fund for the total purchase price of the bond, including premium and accrued interest?

The Legislature has provided for annual appropriations commencing 10 years before the maturity of the bonds, to make up a redemption fund for the payment of the bonds when due, the total of which is the precise amount of the principal of the outstanding bonds. Laws Utah 1911, c.

14, § 4. And Comp. Laws Utah 1917, § 3812, requires that interest collected upon investments of redemption funds shall be deposited in the general fund of the state. It may be argued that these provisions peremptorily require a maintenance of the redemption fund in such exact amount that the total thereof, when the bonds mature, will be equal to the principal of the bonds. But this is wholly gratuitous. It is founded, not in express law, but as a deduction only. And the deduction is desirable only from the standpoint of accounting or bookkeeping. There is no substantial reason for it.

The cost of such exactitude is apparent. When the eligible securities command a premium in the market, no investment can be made at all. The redemption funds must then be idle and the state lose the interest which could be earned on securities bought at a premium. No such inconsequent result is deducible from the statute. When the Legislature, to save the loss from keeping large sums of idle money in the form of redemption funds, authorized and directed such funds to be invested, it must have assumed that variations in the market prices of the securities authorized to be brought would occur from time to time, and therefore did not limit the investments to purchases of the securities specified at par. The statute limits the kinds of securities in which the funds may be invested but is silent as to the price to be paid. It is well known that the securities described in the statute fluctuate in price above and below par from time to time. To say that the specified securities must be purchased at par or not at all is a conclusion which has no foundation in either the language, context, or purpose of the statute.

The probability that the amount of the redemption fund at the maturity of the bonds, on account of investments of the kind in question, will be less than the principal amount of the bonds, is a contingency which may readily be disposed of when it occurs. But such a

prospective situation, whether easy or difficult to solve, cannot stand in the way of or defeat the investment of public funds in the interest of the public which is plainly authorized and directed by express law.

We think it was the plain duty of the state auditor to honor the requisition by drawing his warrant for the full amount required upon the University redemption fund, and the writ as prayed for is granted.

THURMAN, C. J., and STRAUP, HANSEN, and GIDEON, JJ., concur.